Phillip L. **PELLETIER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18950.

United States Court of Appeals
District of Columbia Circuit.

Argued May 25, 1965.

Decided June 17, 1965.

Petition for Rehearing En Banc
Denied Oct. 5, 1965.

See also D.C., 343 F.2d 322.

Mr. Lester M. Bridgeman (appointed by this court), Washington, D. C., for appellant.

Mr. John R. Kramer, Asst. U. S. Atty., for appellee. Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker, Asst. U. S. Atty., and Mr. Martin R. Hoffman, Asst. U. S. Atty. at the time the brief was filed, were on the brief for appellee. Messrs. David W. Miller and Jerome Nelson, Asst. U. S. Attys., also entered appearances for appellee.

Before BURGER, WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM.

This is an appeal from denial after hearing of Appellant's motion to withdraw a plea of guilty to a count for interstate transportation of a stolen motor vehicle (18 U.S.C. § 2312).

Appellant went to trial in June 1964 on a 17 count indictment including interstate transportation of a forged security, false pretenses, forging and uttering and conspiracy. On the second day of trial, Appellant asked and his counsel secured a recess to consider a possible change in plea and after consultation with counsel a guilty plea was entered as to one count. Government witnesses from Indiana left Washington, D. C. Before sentencing pursuant to the guilty plea, the District Judge carefully elicited from Appellant his understanding that he could continue to be tried by a jury, that he was satisfied with the services of his counsel, that he was aware of the consequences of his guilty plea, that he had in fact committed the acts constituting the crime charged, and that his plea was occasioned only because he was guilty as charged. Approximately two weeks later Appellant filed a pro se motion to withdraw the plea because it "was entered under compulsion and threat that permanent injury would re-

sult from a lengthy trial and the acute anxiety and compulsion existing in his mind at the time." The District Court granted a prompt hearing at which Appellant produced two medical officers from the District Jail who, on the night before the day of Appellant's plea, treated him for an acute respiratory condition for which mild medications were prescribed. The medical officers did not consider the condition or the medications affected Appellant's functioning. Appellant did not ask for records from St. Elizabeths Hospital or for the psychiatrists who had previously examined him and found him competent to stand trial. At the hearing on his motion Appellant admitted that he had not mentioned any illness or physical distress to the District Judge who interrogated him at the time his plea was changed. On cross examination he first testified he had told his lawyer of his distress when they conferred on the change of plea but then admitted he had not mentioned this to his lawyer.

■■ In considering a motion to withdraw in these circumstances important considerations of judicial administration must be balanced along with a Defendant's interest in not having an improper guilty plea stand against him. Here the combination of the District Court's hearing the prosecution's evidence, his observation of the Defendant at trial, his careful interrogation of Defendant after consultation with counsel on the change of plea and the equally careful hearing on the motion all reveal scrupulous protection of the Appellant's rights. The critical need to allow no guilty plea to stand where an injustice would result was met by the procedures observed.

On this record we find no basis to disturb the conclusion reached by the District Court that the guilty plea should stand.

Affirmed.