UNITED STATES of America, Plaintiff,

v.

Rufus SIMS, et al., Defendants.

No. 92 CR 166.

United States District Court,
N.D. Illinois, E.D.

May 17, 1993.

**1310**

Scott T. Mendeloff, Sean B. Martin, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Michael Gregory Logan, Chicago, IL, for defendant Rufus Sims.

Daniel S. Alexander, Durkin, Foster, Roberts & Barrett, Chicago, IL, for defendant Donald Moore.

Robert G. Clarke, Chicago, IL, for defendant Michael Stevens.

Standish E. Willis, Chicago, IL, for defendant Delwin Langston.

Richard S. Jalovec, Richard S. Jalovec & Associates, Chicago, IL, for defendant Dennis Gilliam.

Paul Augustus Wagner, Paul A. Wagner, Chicago, IL, for defendant William Burch.

Michael Gregory Logan, Chicago, IL, for defendant Timothy Henderson.

William J. Stevens, Chicago, IL, for defendant Darryl Young.

Paul Edward Paprocki, Chicago, IL, for defendant Joe Boyles.

Carl Peter Clavelli, Chicago, IL, for defendant Maurice Harmon.

Robert S. Bailey, Chicago, IL, for defendant Shawn Baker.

Linda Amdur, Chicago, IL, for Dennis Gilliam.

Keith Allan Spielfogel, Chicago, IL, for defendant Estella Sims.

Terence Patrick Gillespie, Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for defendant Andrea Thomas.

Herbert Louis Goldberg, Giovannini & Goldberg, Sheldon Bart Nagelberg, Chicago, IL, for defendant Ruby Chambers.

Richard A. Halprin, Chicago, IL, for defendant Eric Smith.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Michael Stevens' Motion to withdraw his plea of guilty pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure. The court has carefully considered the parties' pleadings and the pertinent law. For the following reasons, Stevens' motion is denied.

### I. FACTS

Michael Stevens was charged in the indictment with narcotics conspiracy (Count One), RICO (Count Two), commission of aggravated battery in aid of racketeering (Count Four) and three counts of distribution of cocaine (Counts Five, Six, and Seven). Stevens pled guilty to Count One before this court on November 12, 1992. Stevens pled guilty to Count One pursuant to a Rule 11(e)(1)(C) plea agreement with the government that required Stevens to provide substantial assistance to the government and, in return, the government promised to move for a downward departure pursuant to U.S.S.G. § 5K1.1 to an agreed sentence of incarceration of nineteen years. Plea Agreement, at ¶¶ 12, 15. In addition, the government agreed to dismiss the remaining counts against the defendant, including the RICO count which carried potential criminal liability for the murder racketeering act. Plea Agreement, at ¶ 17. The Court accepted the plea and entered a judgment of guilty. Transcript dated November 12, 1992, ("Tr."), at 20.

The court held a seven week trial in this case that began on November 23, 1992 and ended on January 8, 1993. At the trial, the jury convicted defendant Richard Goldstein on all counts and acquitted defendant Eric Smith on the one count in which he was charged. After the trial, on January 29, 1993, over two and one half months after he pled guilty, Stevens filed a *pro se* motion to withdraw his plea agreement, alleging ineffective assistance of counsel and an irreconcilable conflict of interest with his former appointed counsel, Robert Clarke. The court denied Stevens' motion without prejudice and appointed new counsel, David Gleicher. On March 25, 1993, David Gleicher withdrew as counsel due to irreconcilable conflicts with Stevens. The third court-appointed attorney for Stevens, Ronald Bredemann, filed the instant motion to withdraw Stevens' plea.

Defendant Stevens has not yet been sentenced.

Stevens seeks to withdraw his guilty plea alleging that: he had little contact with his attorney; he did not have an opportunity to read the plea agreement; prior counsel was unprepared to go to trial; he pled guilty because he thought he would lose at trial with an unprepared attorney representing him; and his attorney pressured him into pleading guilty. Despite Stevens' plea of guilty, entered under oath, Stevens now asserts that he "believes he is innocent of the charges...." Stevens' Affidavit dated April 5, 1993 ("Aff."), at ¶ 11.

## II. DISCUSSION

■ Rule 32(d) provides, in relevant part, that prior to sentencing "the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." FED.R.CRIM.P. 32(d). It is the defendant's burden to prove such a reason exists. *United States v. Coonce*, 961 F.2d 1268, 1275 (7th Cir.1992). Clearly, Stevens "faces a heavy burden of persuasion." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir.1987) (record created by a Rule 11 inquiry provides a "presumption of verity"). *See also United States v. Coonce,* 961 F.2d at 1276 (Rule 11 "provides a thorough hearing to determine the voluntariness and intelligence of guilty pleas, and ... defendants afforded such a hearing should not be easily let off the hook when they feel like changing their minds."); *United States v. Trussel,* 961 F.2d 685, 689 (7th Cir.1992) ("A defendant who presents a reason for withdrawing his plea that contradicts the answers he gave at a Rule 11 hearing faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is 'fair and just' "). Stevens has wholly failed to advance any fair and just reason.

■ Furthermore, in evaluating a motion to withdraw a plea under Rule 32(d), this court must be mindful of "the solemnity of the taking of the plea." *United States v. Ellison,* 798 F.2d 1102, 1106 (7th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845, *aff'd on remand,* 835 F.2d 687 (7th Cir.1987). In *Ellison,* the Seventh Circuit stressed the importance of preserving "the integrity of the plea-taking process."

*Id.* (reasoning that Congress purposefully limited withdrawal of a plea to those situations where defendant demonstrates a fair and just reason). The Seventh Circuit stated:

> Rule 11's provisions specifically seek to ensure that entry of a plea is not a meaningless act. Great care is taken when accepting pleas under Rule 11. Plea agreements are placed on the record, the voluntariness and accuracy of the plea is ascertained, and detailed advice is provided to the defendant concerning his rights and the consequences of his plea as well as a determination that defendant understands these matters.

*Id.* The court further noted that district courts must prevent guilty pleas from becoming "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, ... a guilty plea is no such trifle, but a 'grave and solemn act,' which is 'accepted only with care and discernment.' " *Id. (quoting* Rule 32(d) Advisory Committee Notes and *United States v. Barker,* 514 F.2d 208, 221 (D.C.Cir.1975)).

Keeping in mind the solemnity of the plea taking process and the "uphill battle" facing a defendant who wants to withdraw his or her plea, the court has carefully considered the arguments set forth by Stevens. The court concludes that Stevens' motion is woefully inadequate. Stevens' motion and attached affidavit failed to articulate any reason for allowing Stevens to withdraw his plea of guilty. The court will address each contention set forth in Stevens' affidavit and other factors that warrant denial of this motion.

### A. *Stevens' Arguments*

Stevens presents basically two types of arguments in his motion and supporting affidavit. First, he claims that the performance of his former court-appointed counsel, Robert Clarke, was inadequate. Second, he asserts that "he believes he is innocent of the charges...." Aff. at ¶ 11. Both arguments are without merit.

Stevens claims that the performance of his former appointed counsel was deficient in several ways. Stevens argues that he had

little contact with his former attorney, his prior counsel was unprepared to go to trial, he plead guilty because he thought he would lose at trial with an unprepared attorney representing him, his attorney told him to sign the plea agreement without reading it, and his attorney pressured him into pleading guilty. Furthermore, Stevens claims his attorney told him that "he had no hope of prevailing on his trial" and that unless Stevens signed the plea agreement and responded appropriately to the questions the judge would ask at the plea colloquy, he would be sentenced to life imprisonment. Aff. at ¶¶ 6, 8.

Stevens was also dissatisfied with what his former attorney failed to do. The defendant argues that his former counsel did not file any pre-trial motions even though Stevens had requested that counsel do so. Aff. at ¶¶ 3, 4. Specifically, Stevens had requested that his attorney file a motion to assert a claim that his rights to a speedy trial were denied, to request a bill of particulars, for severance, and to obtain discovery. Aff. at ¶ 4. None of these motions were filed on behalf of Stevens. Stevens also criticizes his former attorney for failing to discuss with Stevens any defense strategy or evidence the government would attempt to introduce against him. Aff. at ¶¶ 5, 7.

Stevens' criticisms of his attorney do not sufficiently support his motion to withdraw his plea. Stevens' present claims are belied by his own statements made under oath at the plea colloquy and specific provisions in the Plea Agreement. Furthermore, Stevens' misgivings about his former attorney's performance do not rise to the level of ineffective assistance of counsel. Therefore, the court finds these arguments do not sufficiently state a fair and just reason to allow Stevens to withdraw his plea.

■ Stevens claims that at the time of his plea colloquy, he was acting on the instructions of his prior counsel who told him to lie to the Court and "answer yes to all the questions other than those which would require a no answer." Aff. at ¶ 9. Stevens gave no hint of this "advice" at the plea colloquy, during which he answered several questions posed by the court with responses contradicting his instant contentions. Stevens' sworn testimony at the plea colloquy belies his claim that he is dissatisfied with his former attorney's advice, preparedness, and performance:

> COURT: Are you satisfied with the advice and efforts of Mr. Clarke in your behalf?
>
> STEVENS: Yes.
>
> COURT: Have you had an opportunity to read a copy of the indictment in this case, specifically Count One of the indictment, to which you would offer a plea of guilty?
>
> STEVENS: Yes.
>
> COURT: Did you discuss Count One of this indictment with Mr. Clarke?
>
> STEVENS: Yes.
>
> \*    \*    \*    \*    \*    \*
>
> COURT: Have you discussed with Mr. Clarke the charges to which you intend to offer a plea of guilty?
>
> STEVENS: Yes.

Tr. at 5–6.

Stevens argues that his lawyer told him he had "no alternative but to plead guilty." Aff. at ¶¶ 3, 6, 8, 10. However, Stevens testified repeatedly that he understood that he had a right to persist in his not guilty plea and insist on going to trial. Stevens testified under oath that he understood he had a right to go to trial. Tr. at 6. He swore that he understood that if he "were to continue to plead not guilty," he would have a right to a "speedy trial." Tr. at 6. The Court enumerated defendant's rights at trial, and Stevens acknowledged that he understood each one. Tr. at 7–8. Finally, the court asked whether the defendant understood that by pleading guilty he would waive his right to trial:

> COURT: Do you understand that if you plead guilty, you waive the trial rights I have just mentioned?
>
> STEVENS: Yes.
>
> \*    \*    \*    \*    \*    \*
>
> COURT: Do you understand if you plead guilty, and I accept your plea, there will be no trial. I will enter a finding of guilty and sentence you on the basis of your plea after considering a presentence investigation report?
>
> STEVENS: Yes.

Tr. at 8.

Stevens suggests that his attorney directed him to plead guilty or at least that Stevens

did not enter his plea voluntarily. Aff. at ¶ 9. Stevens does not identify, however, any instance of undue pressure or any coercive threat imposed by his attorney. The only threat Stevens' attorney conveyed was the risk of life imprisonment, a perilous but realistic possibility. And again, Stevens' sworn statements in the plea colloquy reveal no coercion whatsoever:

COURT: Mr. Stevens, has anyone forced you in any way to cause you to plead guilty?

STEVENS: No, it hasn't [sic].

COURT: Has anyone threatened you in anyway [sic] to cause you to plead guilty?

STEVENS: No.

COURT: Apart from the plea agreement, have any promises been made to you to cause you to plead guilty?

STEVENS: No.

COURT: Is your decision to plead guilty entirely voluntary?

STEVENS: Yes, it is.

Tr. at 12.

In addition to his testimony at the plea hearing, Stevens signed and filed with the court a detailed written plea agreement in this case which further belies his instant claims. The defendant acknowledged that he understood his trial rights would be waived if he accepted the Plea Agreement. Plea Agreement, at ¶ 9. The Plea Agreement also states that the defendant agreed to "enter a voluntary plea of guilty to Count One of the indictment in this case." Plea Agreement, at ¶ 4. Defendant now claims that he "did not read the plea agreement" and that his lawyer told him to say that he had read it. Aff. at ¶ 9. However, this contention contradicts the unequivocal statement he made under oath at the plea colloquy:

COURT: The record should reflect that I have been tendered a written plea agreement in this case. . . . Is this your signature on page 12 of the plea agreement above that of your attorney, Mr. Clarke?

STEVENS: Yes, it is.

COURT: Did you read this document before you signed it?

STEVENS: Yes, I did.

Tr. at 8–9.

Stevens' sworn statements at the plea colloquy are presumptively true. *United States v. Trussel,* 961 F.2d 685, 689 (7th Cir.1992). *See also United States v. Price,* 988 F.2d 712, 717 (7th Cir.1993) ("Voluntary responses made by a defendant when entering a guilty plea are binding.") (citing *Trussel,* 961 F.2d at 689). The Seventh Circuit has stated that "[a] judge is entitled to hold a defendant to statements made in open court and need not give him a hearing so that he may more readily contradict himself." *United States v. Roth,* 860 F.2d 1382, 1387 (7th Cir.1988) (citing *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir.1987)), *cert. denied,* 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989). "Rational conduct requires that voluntary responses made by a defendant under oath before an examining judge be binding. Such a requirement is consistent with reason and common sense. For a defendant to claim . . . that he believed he could lie and later recant to achieve some perceived advantage does not comport with rational conduct." *United States v. Trussel,* 961 F.2d 685, 689 (7th Cir.1992). The court finds no reason to doubt the voluntariness of the plea entered at the Rule 32 proceeding. Thus, the presumption of truthfulness accorded to the defendant's sworn testimony during the plea colloquy has not been overcome.

In alleging that prior counsel's failure to file certain pretrial motions entitles him to withdraw his plea, Stevens faces a tough standard. It is not enough to show that defense counsel did not file "motions." Stevens has to show that the motions had merit and would have changed the outcome of the case. A "guilty plea will stand unless (1) counsel's performance fell below an objective level of reasonable conduct and (2) the defendant would not have pleaded guilty but for counsel's incompetence." *United States v. Jordan,* 870 F.2d 1310, 1318 (7th Cir.), *cert. denied,* 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989). "A defendant who contends that his guilty plea was not knowing and intelligent because of his lawyer's erroneous advice must show 'that the advice was not within the range of competence demand-

ed of attorneys in criminal cases.'" *United States v. Trussel*, 961 F.2d 685, 690 (7th Cir.1992) (citations omitted). Absent a valid claim of ineffective assistance of counsel, counsel's failure to provide advice "cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 573–74, 109 S.Ct. 757, 765, 102 L.Ed.2d 927 (1989). Thus, Stevens must demonstrate ineffective assistance of counsel to prevail on this argument.

■■■ A defendant bears a heavy burden in proving that his attorney rendered ineffective assistance of counsel. *United States v. Guerrero*, 938 F.2d 725, 727 (7th Cir.1991). Such a claim must be reviewed under a two-part test. *United States v. Price*, 988 F.2d 712, 716 (7th Cir.1993) (citations omitted). First, the defendant must establish that his counsel's conduct was "below an objective standard of reasonableness." *Id.* Second, the defendant must show that the deficient performance prejudiced the defense. To show prejudice, courts have required defendants to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687–95, 104 S.Ct. 2052, 2055–56, 80 L.Ed.2d 674 (1984)). In *Lockhart v. Fretwell*, — U.S. —, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), however, the Supreme Court stated that the "prejudice" component of the *Strickland* test focuses not merely on whether the outcome would have been different, but "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart*, at —, 113 S.Ct. at 844. The Court stated further that "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* Thus, the defendant bears a difficult burden to show ineffective assistance of counsel.

■■■ Stevens has met neither prong of the two-part test. First, he has offered no evidence that prior counsel's handling of the case fell below an objective standard of reasonable conduct. With respect to his attorney's failure to file pretrial motions for discovery including a motion for a bill of particulars, the court ruled that defendants had received all the materials to which they were entitled under Rule 16, *Brady*, *Giglio*, and the Jencks Act. Further, Stevens does not identify what discovery he is missing. As to the attorney's failure to file a motion to sever, Stevens identifies no grounds upon which a valid claim of severance exists in his case. Furthermore, the court denied codefendant Goldstein's motion for severance. Finally, with respect to any Speedy Trial motion Stevens claims should have been filed, Stevens has not shown that the defendant was not brought to trial within seventy days excluding properly excluded time. Since Stevens has not demonstrated that any of these motions has merit, his former attorney's performance was not ineffective for not having filed them.

■■■ Second, Stevens has shown no prejudice from the alleged incompetence of his former attorney because he has not demonstrated how the granting of any of the motions his attorney failed to file would have caused him not to plead guilty. To the contrary, in light of the evidence the government had compiled against Stevens and the potential sentence of mandatory life imprisonment Stevens faced if convicted,[1] it cannot be reasonably posited that Stevens would have rejected the offer of nineteen years incarceration pursuant to a Rule 11(e)(1)(C) plea agreement.

■■■ Furthermore, Stevens cannot show that he was prejudiced by his former attorney's performance as that prong of the *Strickland* test was clarified in *Lockhart* because the defendant has not been deprived of any substantive or procedural right to which the law entitles him. Stevens claims that his lawyer never discussed with him any defense strategy or the government's evidence against him, and Stevens believes that the government has a lack of evidence against him. Aff. at ¶ 5, 7. Stevens does not identify what viable defense he has to the charges,

---

1. See Government's Response, at 18–20, for a summary of the government's evidence against Stevens.

or why the government's evidence is weak. Furthermore, there is no legal requirement that Stevens be informed of all possible defenses prior to pleading guilty. To the contrary, as the Supreme Court stated in *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), conscious waiver is not necessary with respect to each potential defense relinquished by a plea of guilty. *Id.* at 573–74, 109 S.Ct. at 764–65. "Relinquishment derives not from any inquiry into a defendant's subjective understanding of the range of potential defenses, but from the admissions necessarily made upon entry of a voluntary plea of guilty." *Id.* In *Broce*, the "trial court complied with Rule 11 in ensuring that respondents were advised that, in pleading guilty, they were admitting guilt and waiving their right to a trial of any kind." *Id.*

■■■ In addition, a defendant does not have to review all the government's evidence in order to enter a valid plea. Defendant Stevens claims he is entitled to withdraw his plea because his former attorney did not discuss with Stevens the government's evidence against him. The Seventh Circuit rejected a similar claim in *United States v. Seybold*, 979 F.2d 582, 587 (7th Cir.1992), holding that "*Boykin* [*v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] and its progeny do not require the defendant to know the full extent of the government's case against him before pleading guilty." (footnote omitted). For a guilty plea to be valid, defendant need only have "a full understanding of the charges against [the defendant] and the possible consequences of his plea." *Seybold*, 979 F.2d at 587, *quoting Brady v. United States*, 397 U.S. 742, 749, n. 6, 90 S.Ct. 1463, 1469 n. 6, 25 L.Ed.2d 747 (1970). There is no claim that Stevens did not understand the charges or the possible consequences of his plea. Thus, defendant's claim of ineffective assistance of counsel is without merit.[2]

■■■ In support of his motion and in addition to criticizing his previous attorney's performance, Stevens asserts that "he believes he is innocent of the charges. . . ." Aff. at

¶ 11. However, it is "fundamental hornbook law that a defendant who pleads guilty forgoes his opportunity to prove his innocence. *Cf. North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). If a guilty plea can be withdrawn merely because the defendant would like to regain that opportunity, the plea becomes meaningless." *United States v. Barker*, 514 F.2d 208, 226, n. 17 (D.C.Cir.1975), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). *See also United States v. Groll*, 992 F.2d 755, 758 (1993) ("It goes without saying that claims of innocence alone do not mandate permission to withdraw a plea.") (citation omitted); *United States v. Ray*, 828 F.2d 399, 422 (7th Cir.1987) (a "fair and just reason for withdrawing a guilty plea must be more than a 'conclusory reassertion of innocence'") (citations omitted), *cert. denied*, 485 U.S. 964, 108 S.Ct. 1233, 99 L.Ed.2d 432 (1988). Thus, Stevens' assertion of innocence, without more, does not justify withdrawal of his guilty plea.

**B. General Considerations**

The court finds the arguments set forth in the defendant's motion and affidavit devoid of merit. Furthermore, additional factors present in this case bolster the court's conclusion. For example, Stevens' delay in filing the instant motion is a telling factor. Furthermore, the court may consider the substantial inconvenience that would be imposed upon the court if Stevens' case proceeded to trial at this time.

■■■ In assessing the appropriateness of a motion to withdraw a guilty plea, the court should consider the amount of time the defendant allowed to elapse between the entry of the plea and the filing of the motion to withdraw. When a defendant moves immediately to withdraw his or her plea, courts view that fact as probative evidence of a flawed plea since such swiftness might indicate that the plea was entered in haste and confusion. *United States v. Barker*, 514 F.2d 208, 222 (D.C.Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). Where a defendant waits a substantial period of time before filing, however, courts consider it like-

---

2. The government notes and the court agrees that defendant's claim is without merit in law and in fact since Stevens heard a lengthy recita-tion of the government's evidence against him provided by the Assistant United States Attorney at the plea colloquy. Tr. at 12–16.

ly that other illegitimate factors are motivating the defendant's change of heart. As the drafters of Rule 32(d) noted,

> A swift change of heart is itself strong indication that the plea was entered in haste and confusion.... By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

Rule 32(d), Advisory Committee Notes, *quoting United States v. Barker*, 514 F.2d 208, 221 (D.C.Cir.1975) ("swift change of heart" meant "a day or so" would elapse before the defendant files a motion to withdraw).

■■ In the instant case, over two and one half months have elapsed between the date the court accepted Stevens' plea of guilty and the time he filed his *pro se* motion to withdraw the plea (which the court considers his first expression of an intention to withdraw his plea). Although this passage of time is not dispositive, its coincidence closely on the heels of the acquittal of codefendant Eric Smith makes Stevens' motion look like "an after the fact fiction created in light of the acquittal of the lowest ranking member of the conspiracy at trial." Government's Response to Defendant's Motion to Withdraw Guilty Plea, at 29.

■■ In addition to the length of time between the entry of the plea and the motion to withdraw, whether the court would incur "substantial inconvenience" as a result of a defendant withdrawing his or her guilty plea is also a relevant factor to consider in deciding the instant motion. *Barker*, 514 F.2d at 220; *Pelletier v. United States*, 350 F.2d 727, 728 (D.C.Cir.1965) ("considerations of judicial administration must be balanced along with a Defendant's interest"); *Everett v. United States*, 336 F.2d 979, 984 (D.C.Cir.1964) (stating "[w]e are not disposed to encourage accused persons to 'play games' with the courts at the expense of already over burdened calendars"). If ever there was a case where re-trial would impose a "substantial inconvenience" upon the court, this case is the prototype. As the government points out, during the seven-week trial, the government called approximately fifty witnesses (some from out of state and some hidden for protection) and introduced hundreds of exhibits. For the

government to recall all of its witnesses and retry this case would constitute a burden on the government and on this court of the highest order. Although such inconvenience is not conclusive, it is a factor to be considered, particularly where the defendant offers only vague allegations of involuntariness and ineffective assistance of counsel in support of a motion to withdraw filed long after his plea of guilty.

These general considerations buttress the court's conclusion that Stevens' motion should be denied.

### III. CONCLUSION

As the Seventh Circuit recently stated, "[a] defendant does not have an absolute right to withdraw his guilty plea, and the decision whether to allow him to do so is with the sound discretion of the trial court." *United States v. Price*, 988 F.2d 712, 717 (7th Cir. 1993) (citing *United States v. Caban*, 962 F.2d 646, 649 (7th Cir.1992)). The defendant has not shown that any "fair and just reason" exists justifying his motion to withdraw. Accordingly, defendant Michael Stevens' motion to withdraw his plea of guilty pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure is denied.