Jorge A. ORTIZ–FELICIANO,
Petitioner

v.

UNITED STATES of America,
Respondent.

Civil No. 07–1706 (JAG).
Criminal No. 02–183 (JAG).

United States District Court,
D. Puerto Rico.

July 1, 2008.

---

Jorge A. Ortiz–Feliciano, Coleman, FL, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, District of Puerto Rico, San Juan, PR, for Respondent.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court is a Motion requesting habeas corpus relief under 28 U.S.C. 2255. The motion was filed by Petitioner Jorge A. Ortiz Feliciano ("Petitioner"). (Docket No. 1). For the reasons set forth below, the Court **DENIES** Petitioner's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

In the case at bar, Petitioner was convicted under the federal carjacking statute. The events that gave rise to his arrest transpired in 2004. In that year, Petitioner, with a companion, gun in hand, carjacked a sailor in the United States Navy. After the victim sought to escape, Petitioner took him into a forested area and shot him in the back of the head. Petitioner and his companion (hereinafter "Defendants") admitted to these facts.

Defendants were charged with aiding and abetting each other to commit a carjacking with the intent to cause death or seriously bodily injury, and two counts of firearms violations. Defendants faced the possibility of a death sentence if convicted. In order to avoid the imposition of the death sentence, Defendants entered into a plea agreement with the Government. As a result, Defendants each pled guilty to one count of carjacking with intent to cause death or serious bodily harm, resulting in death. 18 U.S.C. § 2119(3). This Court sentenced both Defendants to life imprisonment.

Thereafter, Defendants filed an appeal claiming that this Court misunderstood and failed to explain the intent element of § 2119(3). Defendants argued that, given a proper understanding of the intent element, this Court would not have found a rational basis for their pleas. Moreover, Defendants averred that that if this Court had explained the intent element of the carjacking charges as the Supreme Court explained it in *Holloway v. United States*, 526 U.S. 1, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999), they would not have pleaded guilty.[1] Petitioner also argued that the

---

1. Our Circuit addressed Defendants' argument under *Holloway*. In *United States v. Matos–Quinones*, 456 F.3d 14 (1st Cir.2006), the Court stated that if Defendants' case had gone to trial, the Government would have had to prove that Defendants "a) took or attempted to take the victim's car through force and violence or by intimidation, b) that they acted with conditional or unconditional intent to cause death or serious bodily harm, and c) that death resulted." *Id*. at 18. The Court noted that Defendants alleged that according to *Holloway* a defendant is not guilty of carjacking if his intent to kill or seriously harm the driver develops only after he has stolen the driver's car and taken the driver as hostage. *Id*. at 19. The Government argued that the statute applies as long as the proscribed intent existed at any time while the defendants had control over the victim and his car. *Id*. The Court held that the facts of Defendants' case did not require it to determine whether Defendants contention was correct and simply assumed that Defendants' view of the issue was correct. *Id*. As will be further discussed, the Court affirmed Defendants'

government violated its plea agreement with him by urging the judge to impose a life sentence rather than a term of years. The Court of Appeals affirmed Defendants' conviction and sentence. *United States v. Matos–Quinones*, 456 F.3d 14 (1st Cir.2006).

On August 8, 2007, Petitioner filed the motion before this Court challenging his conviction on four grounds. First, Petitioner proffers an ineffective assistance of counsel claim on the basis that his attorney failed to fully and fairly explain the required elements of the carjacking offense he was charged with. Specifically, Petitioner contends that his attorney did not inform him of the intent to cause death or serious bodily injury, interstate commerce, and jurisdiction of the federal court. As a result, Petitioner contends that he entered an unintelligent and involuntary guilty plea.

Second, Petitioner argues that the attorney rendered ineffective assistance because he induced him into entering a guilty plea to the carjacking offense by informing him that he would receive the death penalty if he did not enter a guilty plea and were to lose at trial. Petitioner further argues that counsel rendered ineffective assistance because he failed to argue at the District Court level that his sentence was erroneous in light of the Supreme Court ruling in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) [2] and *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007).[3] According to Petitioner, the relevant statutory maximum to which he could have been sentenced as set out in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),[4] "is the standard range, not the statutory maximum." Petitioner avers

sentence and conviction because among other things they found that Petitioner had intent to kill or seriously harm the driver prior to stealing the car. *Id.* at 21.

**2.** *Booker* makes it possible for Courts to impose non-guideline sentences that override the guidelines, subject only to the ultimate requirement of reasonableness. *United States v. Jimenez–Beltre*, 440 F.3d 514, 518 (1st Cir. 2006). Thus, at sentencing, the district court must continue to "consider the Guidelines 'sentencing range.'" *Id.* (citing *Booker*, 125 S.Ct. at 764). "In most cases, this will mean that the district court will have to calculate the applicable guidelines range including the resolution of any factual or legal disputes necessary to that calculation—unless they do not matter—before deciding whether to exercise its new—found discretion to impose a non-guideline[ ] sentence." *Id.*

**3.** *Cunningham* reaffirms *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and holds that the Sixth Amendment is violated when a judge imposes an enhanced sentence based on extra jury verdict facts. *Cunningham*, 127 S.Ct. at 869. We interestingly note that in *Cunningham* the Supreme Court clarified that its decision in *Booker* does not alter the Sixth Amendment

prohibition on ratcheting up the sentence by judicial, factual findings of enhancements. *Id.* at 870.

**4.** *Blakely* was merely an application of the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See, Blakely*, 542 U.S. at 301, 124 S.Ct. 2531 (stating that "[t]his case requires us to apply the rule we expressed in *[Apprendi]* . . .: other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt."). *Blakely v. Washington*, 542 U.S. 296, 303–04, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In *Blakely*, the petitioner pled guilty to facts that entitled him to a sentence of 49 to 53 months in jail. *Id.* However, the judge, upon finding that the petitioner acted with deliberate cruelty, imposed a higher sentence. *Id.* The Supreme Court of the United States found that the district court violated petitioner's right to trial by jury when it enhanced petitioner's sentence based on facts to which he did not enter a plea of guilty nor were they found by a jury. *Id.* at 304, 124 S.Ct. 2531.

that he was erroneously sentenced for an offense of first-degree murder, when he admitted neither to premeditation nor malice aforethought, and was not charged with such elements of the indictment. Petitioner emphasized he cannot be sentenced to life imprisonment pursuant to 18 U.S.C. § 1111 as though he committed first-degree murder, because he was sentenced beyond the statutory range on extra-verdict facts. He argues that consequently, his sentence violated the rules established by *Blakely v. Washington*, 542 U.S. at 303, 124 S.Ct. 2531, which decided that the maximum sentence a judge may impose must be based solely on "the facts reflected in the jury verdict or admitted by the defendant."

Third, Petitioner alleges that his sentence was imposed without jurisdiction in two respects: (1) the Court lacked both personal and subject-matter jurisdiction to prosecute and convict him for the offenses charged in the case, where no national crime had been committed and (2) the Commonwealth of Puerto Rico has its own police power in which such crimes could be prosecuted. Petitioner further argues that there was prosecutorial misconduct because the Prosecutor acted as "an Official of the Executive Branch government, and could authorized the grand jury to be held to indict the petitioner, when he lacked authority to do so."

Fourth, Petitioner charges the Prosecutor with having preempted the State Court's jurisdiction to prosecute him, because the crime he was charged with was not a national crime and no official from the executive branch of Puerto Rico authorized the transfer of the prosecution of his case. Additionally, Petitioner argues ineffective assistance of counsel because his appellate counsel did not raise theses issues on appeal. He describes his attorney's performance as having fallen below

an objective standard of reasonableness, and that but for his attorney's error, the result of the proceeding would have been different. (Docket No. 1).

The Government responds that there were no enhancements in Petitioner's sentence and that his right to effective assistance of counsel was also not violated. Additionally, the Government outlines the evidence that Petitioner admitted to at the change of plea colloquy and stresses the fact that the issues Petitioner proffers in the motion before us were presented on direct appeal and resolved against him. The Government also claims that the carjacking was not just a local issue relegated to the local system, but that the charging statute reflects a valid exercise of Congress' power under the Commerce Clause. *See United States v. Rivera–Figueroa*, 149 F.3d 1, 4, (1st Cir.1998); *United States v. Coleman*, 78 F.3d 154, 158 (5th Cir.1996); *United States v. Bishop*, 66 F.3d 569, 576 (3rd Cir.1995). Finally, the Government argues that reliance on *Cunningham v. California* does not avail Petitioner because in that case the Supreme Court held that a defendant has a right to a jury determination of any facts that increase his/her sentence beyond the statutory maximum. According to the Government, in this case the maximum statutory penalty was life imprisonment or death, and Petitioner was sentenced within the sentencing scheme. (Docket No. 7).

Petitioner's Motion under 28 U.S.C. § 2255 was referred to a Magistrate Judge for a Report and Recommendation. (Docket Nos. 9 and 20). On January 14, 2008, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge stated that he could not review Petitioner's arguments on his lack of knowledge of the element of intent. According to the Magistrate Judge, this Court and the Court of Appeals addressed

these issues thoroughly thereby precluding review on collateral attack. However, the Magistrate Judge noted that Petitioner could raise a claim of ineffective assistance of counsel. The Magistrate concluded that Petitioner's allegations regarding ineffective assistance of counsel did not meet *Strickland*'s two prong test [5] because the "factual predicate was clearly outlined complying with the elements of the charging statute." The Magistrate Judge further noted that Petitioner's jurisdictional and sentencing arguments did not satisfy the *Strickland* standard.

The Magistrate Judge also addressed Petitioner's contention that his sentence violated *Blakely*. According to the Magistrate Judge, Petitioner's sentence was not enhanced based on extra-judicial facts. The Magistrate Judge stressed that Petitioner received the statutory maximum for the offense to which he pled guilty. Namely, the Magistrate Judge stated that: "[Petitioner's] sentencing was squarely within the statutory sentencing scheme." Lastly, the Magistrate Judge addressed Petitioner's jurisdictional challenge. The Magistrate dismissed Petitioner's contention concluding that "this is not a garden variety local first degree murder ... [t]his is a carjacking resulting in death, a crime which does not exceed the powers of Congress under the Commerce Clause." (Docket No. 11)

Petitioner objected to the Magistrate Judge's Report and Recommendation. In his objections, Petitioner rehashed the legal theories that formed the basis of his Motion to Vacate. Namely, Petitioner contends that he was not aware of the elements that constituted the offense. Namely, Petitioner argues that he entered an involuntary and unintelligent guilty plea because he was not informed of the elements of the offense of intent, interstate commerce, and federal jurisdiction. Petitioner especially expounds on his claim that he entered an involuntary and unintelligent guilty plea because this Court, the Prosecutor, and his attorney failed to inform and/or instruct him of the element of intent of the crime he was charged with. Petitioner also argues that this Court, the Prosecutor, and his attorney misunderstood this element of the offense and its relevancy to his guilty plea.

Petitioner further claims that he did not enter a voluntary plea of guilty because his attorney instructed him to say "yes" to the questions asked by this Court during the change of plea hearing colloquy. Additionally, Petitioner contends that his plea of guilt was involuntary because his attorney informed him that he would receive the death penalty if he proceeded to trial and lost.

Furthermore, Petitioner argues that this Court lacked personal and subject matter jurisdiction over his criminal complaint. Moreover, Petitioner alleges that in the case at bar there was prosecutorial misconduct because the prosecutor preempted

---

**5.** The Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) has set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defen-

dant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

jurisdiction of the Courts of the Commonwealth of Puerto Rico. Finally, Petitioner claims that his sentence contravened the Court's holding in *Booker* and *Cunningham.* (Docket No. 22).

## STANDARD OF REVIEW

1) *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

Pursuant to 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan,* 286 F.Supp.2d 231, 233 (D.P.R.2003) (quoting 28 U.S.C. § 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.,* 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections, the district court can assume that they have " 'agreed to the magistrate's recommendation'." *Alamo Rodriguez,* 286 F.Supp.2d at 146 (quoting *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985)).

2) *Section 2255*

█ This Court has jurisdiction to entertain a § 2255 motion only where the petitioner is currently in custody under the sentence of a federal court. 28 U.S.C. § 2255. A motion under section 2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* Claims which do not allege constitutional or jurisdictional errors may be brought under § 2255 only if the claimed error would result in a complete miscarriage of justice. *See Knight v. United States,* 37 F.3d 769, 772 (1st Cir.1994) (citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

## DISCUSSION

As just mentioned, Petitioner proffered several objections to the Magistrate Judge's Report and Recommendation. The Court will address each objection in turn. We begin with Petitioner's allegations that his guilty plea was not voluntary and intelligent because he was not adequately informed of the elements of the offense.

1) *Elements of the Offense*

█ Petitioner contends he was not informed of the following elements of the carjacking offense: intent, interstate commerce, and federal jurisdiction. However, these arguments do not sway this Court to rule otherwise. First, federal jurisdiction is not an element of the offense as defined in 18 U.S.C. § 2119. Second, the plea colloquy reveals that this Court informed Petitioner of the elements of intent and

interstate commerce. Hence, as the Magistrate Judge noted, the "record contradicts the argument."

■ Petitioner also asks the Court to vacate his conviction because his plea does not comply with Rule 11 as it is not intelligent and voluntary because this Court, the Prosecutor, and his attorney did not fully and fairly explain the intent element of the offense. Moreover, Petitioner alleges that the guilty plea "did not contain any instruction nor notice of the element of 'scienter'." However, the Magistrate Judge stated that this issue did not need to be addressed on collateral review because the Court of Appeals in *United States v. Matos–Quinones*, 456 F.3d 14 (1st Cir.2006) dealt with the issue of intent in a "comprehensive fashion". We agree with the Magistrate Judge's conclusion.

Petitioner contends that he did not possess the intent to kill at the moment the car was seized. However, the Court of Appeals concluded that it was able to infer intent from Petitioner's actions. *Matos–Quinones*, 456 F.3d at 21. Specifically, the Court reasoned that "[t]he presence of ammunition, the death threats, and the fact that he eventually did kill the victim, provide a rational basis to believe that Ortiz–Feliciano was willing to fire his gun if necessary to steal the car." *Id.* According to the Court, Petitioner possessed the required intent to seriously harm or kill the driver of the car if necessary to steal the car.[6] *Id.* Thus, as the Magistrate Judge concluded in his Report and Recommendation, this Court is unable to revisit this finding on collateral review because it

was thoroughly addressed by the Court of Appeals. *See Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir.1994). In accordance with the Appellate Court's holding, we find that Petitioner's plea agreement was based on a factual basis sufficient to find that he possessed the required intent. Therefore, Petitioner's argument that his guilty plea was entered unintelligently and involuntarily as a result of this Court, the prosecution and his attorney's failure to instruct and/or inform him of the element of intent must be dismissed.

### 2) *Voluntariness of the Plea*

■ Petitioner also seeks to vacate the judgment on the grounds that his guilty plea was not voluntary because his attorney informed him to say "yes" throughout the plea colloquy. Additionally, Petitioner avers that his guilty plea was not voluntary because his attorney told him that he would face the death penalty if he refused to agree to the Government's plea agreement and lost at trial. However, this argument is unavailing. Courts have found that a plea is not involuntary just because counsel for defendant threatened him with a death sentence if he did not enter a plea of guilty and also instructed him to answer "yes" throughout the plea colloquy, especially, when as here, the defendant's plea record contravenes such allegations of threat and duress. *See, e.g., Grant v. United States*, 2007 U.S. Dist. LEXIS 64795 (S.D.N.Y. Aug. 30, 2007); *United*

---

**6.** As previously mentioned, in this case, Defendants alleged that according to *Holloway* a defendant is not guilty of carjacking if his intent to kill or seriously harm the driver develops only after he has stolen the driver's car and taken the driver as hostage. *Id.* at 19. The Government argued that the statute applies as long as the proscribed intent exist-

ed at any time while the defendants had control over the victim and his car. *Id.* The Court held that the facts of Defendants' case did not require it to determine whether Defendants contention was correct and simply assumed that Defendants' view of the issue was correct. *Id.*

*States v. Sims,* 822 F.Supp. 1308 (N.D.Ill. 1993).

In *Sims,* a defendant sought to withdraw his plea based on the allegation that counsel told him to answer "yes" to all questions. However, the Court held that the defendant's "sworn testimony at the plea colloquy belies his claim." *Id.* at 1312.

In the present case as in *Sims,* Petitioner swore that he understood his rights. *See id.* Furthermore, as in *Sims,* Petitioner points to no instance where counsel exercised undue pressure or coercion upon Petitioner. *See id.* Petitioner only points towards counsel's conveyance of the risk of a death sentence. Such reiteration of the possible consequence of going to trial is not coercion because it is a "perilous but realistic possibility." *Id.* at 1313. As such, the Court finds no grounds to doubt the voluntariness of the plea because Petitioner acknowledged his rights and there is no indicia of coercion.

### 3) *Lack of Jurisdiction and Preemption of State Court Jurisdiction*

■ Petitioner also challenges this Court's ability to exercise personal and subject matter jurisdiction over his criminal complaint. However, this Court had both personal and subject matter jurisdiction over Petitioner's criminal complaint.

District Courts have personal jurisdiction over those found within its territory. *Burnham v. Superior Court of California,* 495 U.S. 604, 619, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990).[7] Hence, this Court has personal jurisdiction over persons arrested or otherwise found within its jurisdiction. Accordingly, this Court had personal jurisdiction over Petitioner because he committed the crime and was arrested in Puerto Rico.

Here, Petitioner also predicates his ineffective assistance of counsel claim on his attorney's failure in challenging this Court's personal jurisdiction. However, any attempt by Petitioner's counsel to challenge the Court's personal jurisdiction over him would have been unavailing. As just mentioned, Petitioner was arrested in Puerto Rico briefly after the commission of the crime. Therefore, this Court validly exercised personal jurisdiction over him.

■ Petitioner also challenges the court's subject matter jurisdiction. Again, Petitioner's argument is mistaken. On April 12, 1900, the Foraker Act, 31 Stat. 77, became law[8] and officially established the Federal District Court in Puerto Rico. *Examining Bd. of Engineers, Architects & Surveyors v. Flores de Otero,* 426 U.S. 572, 586–587, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976). Thereafter, on September 12, 1966, by Pub.L. 89–571, 80 Stat. 764, this Court was converted into an Article III Court.[9] Essentially, this act placed this Court in the same status as other United States District Courts.[10] *Examining Bd.*

---

**7.** In *Burnham,* the court concluded that "considerations of reasonableness qualify the power of a state to exercise personal jurisdiction over an individual on the basis of his physical presence within its territory." *Id.* at 632, n. 6, 110 S.Ct. 2105.

**8.** Even though the Foraker Act has been repealed, certain provisions have been reenacted as the Puerto Rico Federal Relations Act, 48 U.S.C. §§ 731–916.

**9.** The District of Puerto Rico is now a federal judicial district under 28 U.S.C. § 119.

**10.** This Act granted the same life tenure and retirement rights during good behavior to future judges appointed to the United States District Court for the District of Puerto Rico, thus placing the Court in the same status as other United States District Courts. Pub.L. 89–571, 80 Stat. 764.

*of Engineers, Architects & Surveyors,* 426 U.S. at 595 n. 26, 96 S.Ct. 2264.

Federal courts, pursuant to 18 U.S.C. § 3231, have original jurisdiction over all offenses against the laws of the United States. In this case, the offense for which Petitioner was indicted, and sentenced was the violation of the federal carjacking statute. 18 U.S.C. § 2119. As such, this Court had subject matter jurisdiction over Petitioner's criminal complaint.

Petitioner also predicates his prosecutorial misconduct claim on the preemption of the State Court's jurisdiction. Namely, Petitioner also argues that the Prosecutor in his criminal case committed misconduct by acting as an officer of the executive branch when he authorized the prosecution of the case. However, this allegation is meritless.

 The United States Attorney has the authority to determine whether to prosecute an individual that contravenes federal laws. *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). In *Hayes,* the Supreme Court concluded that the decision of "whether to prosecute and what charge to file . . . are decisions that generally rest in the prosecutor's discretion." *Id.* The prosecutor is an agent of the federal executive and as such has discretion to indict a defendant for a violation of a federal law. *United States v. Nixon,* 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Accordingly, this Court dismisses Petitioner's contention that the Prosecutor in his criminal case committed misconduct by acting as if he was an official from the executive because he is in fact a member of the executive. Next, the Court will address Petitioner's arguments under *Booker* and *Cunningham.*

### 4) Petitioner's Challenge Under Booker and Cunningham

 *Blakely, Booker* and *Cunningham* all impose a limitation on judicial fact finding. Essentially, this line of cases hold that under the Sixth Amendment any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt. *See Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007); *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Petitioner contends his guilty plea was unintelligent and involuntary because had he been informed of his rights under *Booker* and *Cunningham* he would have never agreed to a sentence of life imprisonment. According to Petitioner, a life imprisonment sentence was outside the statutory range for the carjacking offense he pled guilty to. Petitioner avers that a life imprisonment sentence pertains to someone that was convicted of first degree murder and not for committing the offense of carjacking. Petitioner further alleges that had his attorney, the Prosecutor, and this Court correctly informed him of the guideline range he would have faced a sentence of fifteen years. Petitioner's argument is meritless.

The default maximum sentence for carjacking is fifteen years but if death results, as in the case at bar, the perpetrator could be "imprisoned for any number of years up to life, or both, or sentenced to death." 18 U.S.C. § 2119(1), (3). In the present case, the plea withdrew the possibility of a death sentence, not life imprisonment. Therefore, Petitioner's contention that he did not plead guilty to first degree murder and hence, could not be sentenced to life imprisonment, is flawed. Petitioner pled guilty to carjacking, which resulted in

death. Therefore, this Court acted within its discretion when it imposed a sentence of life in prison.

## CONCLUSION

For the reasons discussed above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, (Docket No. 11) and accordingly, **DENIES** Petitioner's motion for habeas corpus relief. (Docket No. 1).

IT IS SO ORDERED.